IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| **Operating Engineers Local No. 101 Pension Fund; Operating Engineers Local No. 101 Health and Welfare Fund; Operating Engineers Local No. 101 Vacation Fund; Operating Engineers Local No. 101 Joint Apprenticeship and Skill Improvement Fund; International Union of Operating Engineers, Local No. 101; and Rodger Kaminska,** *as a Co-Chairman of the Local No. 101 Pension Fund and Local No. 101 Health and Welfare Fund, and as Chairman of the Local No. 101 Vacation Fund and Local No. 101 Joint Apprenticeship and Skill Improvement Fund,*<br><br>            **Plaintiffs,**<br><br>v.<br><br>**Grisham Grading & Excavating Company, Inc.**<br><br>            **Defendant.** | **CIVIL ACTION**<br><br>**No. 08-2435-CM** |

**MEMORANDUM AND ORDER**

Plaintiffs are (1) multi-employer employee benefit plans established and operated pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"); (2) the duly appointed and acting Trustees of those plans; and (3) a "labor organization representing employees in an industry affecting commerce" within the meaning of §§ 2 and 301(a) of the Labor Management Relations Act ("LMRA").  On September 15, 2008, plaintiffs filed this action, seeking monetary damages and equitable relief for alleged violations of ERISA and the LMRA.  On December 29, 2008, the clerk of the court entered default against defendant.  This matter is before the court on plaintiffs' Motion For

-1-

Default Judgment Pursuant To Fed. R. Civ. P. 55(B)(2) And For Certification Of Final Judgment Pursuant To Fed. R. Civ. P. 54(b) (Doc. 8).

Plaintiffs request monetary damages in the amount of $98,281.99 for (1) delinquent contributions, liquidated damages, and interest that plaintiffs know is owed to the funds; (2) costs; and (3) attorney's fees.  As for equitable relief, they request that the court order an audit of defendant's business records to determine if additional amounts are due and owing.  They also request that the court enter final judgment pursuant to Fed. R. Civ. P. 54(b) as to the amounts currently known to be due and owing—the $98,281.99—which would make the judgment immediately appealable.

Both the decision to enter default judgment and the decision to certify a final judgment under Rule 54(b) are committed to the court's sound discretion.  *Olcott v. Delaware Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) ("Decisions to enter judgment by default are committed to the district court's sound discretion, and our review is for an abuse of discretion.") (quotations omitted); *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 10 (1980) (holding that the power to grant a Rule 54(b) request rests with the sole discretion of the district court).

Plaintiffs' motion for default judgment is very similar to the one considered in *Boilermaker-Blacksmith Nat'l Pension Fund v. Fluid Sealing, Inc*, No. 05-2368-JWL, 2006 WL 560151, at *1 (D. Kan. Mar. 07, 2006), in which the plaintiff sought this same combination of relief through default judgment. This court has the same concerns as those recognized by the *Fluid Sealing* Court:

> Plaintiffs are essentially seeking a final judgment that is enforceable now, thus presumably beginning the running of the time to appeal the judgment.  Meanwhile, the defendant is in default and thus consequently will likely be unaware of the judgment until the time for appeal has expired.  And, at the same time, plaintiffs want a court order allowing them to proceed with the audit and keep this lawsuit open so that plaintiffs can later ask the court to increase the amount of the judgment after the audit is complete.  The Federal Rules of Civil Procedure envision a different chronology of events—that is, the entry of a default judgment after a final determination of damages.  *See* Fed. R. Civ. P. 55(b)(2).

*Id*. at *1 (internal citations omitted).  This court believes the piecemeal approach requested by plaintiffs should be avoided.  As the court held in *Fluid Sealing*, the more appropriate course of action is for plaintiffs to conduct an audit and then present their evidence for default judgment to the court. *Id*.

In light of the court's ruling, plaintiffs may wish to withdraw their request for an audit and pursue default judgment on the amounts known to be due and owing or, alternatively, they may wish to renew their motion for an audit.  Thus, the court denies plaintiffs' motion without prejudice and will allow plaintiffs to renew their motion no later than February 27, 2009.  The court reminds plaintiffs that either motion must establish that plaintiffs are entitled to the relief requested and be properly supported by the record.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion For Default Judgment Pursuant To Fed. R. Civ. P. 55(B)(2) And For Certification Of Final Judgment Pursuant To Fed. R. Civ. P. 54(b) (Doc. 8) is denied without prejudice to be renewed no later than February 27, 2009.

Dated this 6th day of February, 2009, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**