IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| **Operating Engineers Local No. 101 Pension Fund; Operating Engineers Local No. 101 Health and Welfare Fund; Operating Engineers Local No. 101 Vacation Fund; Operating Engineers Local No. 101 Joint Apprenticeship and Skill Improvement Fund; International Union of Operating Engineers, Local No. 101; and Rodger Kaminska,** *as a Co-Chairman of the Local No. 101 Pension Fund and Local No. 101 Health and Welfare Fund, and as Chairman of the Local No. 101 Vacation Fund and Local No. 101 Joint Apprenticeship and Skill Improvement Fund,* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |  |
| **Plaintiffs,** | ) ) | **CIVIL ACTION** |
| v. | ) ) ) | No. 08-2435-CM |
| **Grisham Grading & Excavating Company, Inc.** | ) ) ) ) |  |
| **Defendant.** | ) ) |  |

### MEMORANDUM AND ORDER

Plaintiffs are (1) multi-employer employee benefit plans established and operated pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"); (2) the duly appointed and acting Trustees of those plans; and (3) a "labor organization representing employees in an industry affecting commerce" within the meaning of §§ 2 and 301(a) of the Labor Management Relations Act ("LMRA"). On September 15, 2008, plaintiffs filed this action, seeking monetary damages and equitable relief for alleged violations of ERISA and the LMRA. On December 29, 2008, the clerk of the court entered default against defendant. Plaintiff filed a Motion For Default Judgment Pursuant

To Fed. R. Civ. P. 55(B)(2) And For Certification Of Final Judgment Pursuant To Fed. R. Civ. P. 54(b) (Doc. 8).  On February 24, 2009, the court denied plaintiff's motion, requiring it to conduct an audit and determine the precise amount of damages.  The audit is complete, and plaintiff now seeks default judgment in the amount of $113,097.31 (Doc. 14).

Once default is entered, a defendant is deemed to have admitted the plaintiff's well-pleaded allegations of fact.  *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).  The court may take as true all factual allegations in the complaint, except those pertaining to the amount of damages.  *Beginner Music v. Tallgrass Broadcasting*, LLC, No. 09-4050-SAC, 2009 WL 2475186, at *1 (D. Kan. Aug. 12, 2009).  Rule 55(b)(2) governs the entry of default judgment by the court.  It states:

> In all other cases, the party must apply to the court for a default judgment.
> The court may conduct hearings or make referrals—preserving any federal
> statutory right to a jury trial—when, to enter or effectuate judgment, it
> needs to:
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other mater.

Fed. R. Civ. P. 55(b)(2).  "[A] court may enter a default judgment without a hearing only if the amount claimed is a liquidated sum or one capable of mathematical calculation."  *Hunt v. Inter-Globe Energy, Inc.,* 770 F.2d 145, 148 (10th Cir. 1985) (citing *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir.1983)).  The inquiry does not end just because a plaintiff requests a specific amount in its complaint.  *Tebbets v. Price Sec.*, No. 93-2129-JWL, 1995 WL 28967, at *3 (D. Kan. Jan. 20, 1995).  "'A plaintiff cannot satisfy the certainty requirement simply by requesting a specific amount.  He or she must also establish that the amount requested is reasonable under the circumstances.'"  *Id.* (quoting *Beck v. Atlantic Contracting Co.*, 157 F.R.D. 61, 65 (D. Kan. 1994)).  "Damages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts."  *Id.* at *4 (quoting *Adolph Coors Co. v. Movement*

*Against Racism & The Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (internal quotations omitted)).  The amount of damages that a plaintiff may recover on default is limited to the amount which the plaintiff claims in the prayer for relief in the complaint.  *Albert v. Wesley Health Servs.*, No. 00-2067-KHV, 2001 WL 503241, at *1 (D. Kan. May 10, 2001); Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

Section 502(g)(2) of ERISA provides that in an action brought to enforce § 515 of the Act "in which a judgment in favor of the plan is awarded, the Court shall award the plan" (1) the unpaid contributions, (2) interest on the unpaid contributions, (3) liquidated damages not in excess of 20% of the unpaid contributions, (4) the plan's reasonable attorney's fees and costs of the action, and (5) other legal and equitable relief the court deems appropriate.  *See* 29 U.S.C. § 1132(g)(2).  Cost of an audit is included in the cost of the action.  *See e.g. Painters' Dist. Council Pension Fund v. Johnson*, 566 F. Supp. 592, 599 (W.D. Mo. 1983) (explaining that the cost of an audit considered a cost of the action under § 502(g)(2)(D) and therefore awarded to the plan).

Plaintiffs request monetary damages in the amount of $113,097.31 for (1) delinquent contributions, liquidated damages, and interest owed to the funds; (2) costs; and (3) attorney's fees.  In support of its damages request, plaintiffs filed the affidavit of an accountant that conducted the audit, David L. Cochran; the Administrator of the Operating Engineers Local No. 101 Pension Fund, Operating Engineers Local No. 101 Health & Welfare Fund, and the Operating Engineers Local No. 101 Vacation Fund, Thomas L. Wilson; and plaintiffs' attorney Martin W. Walter.  After reviewing the record, the court finds that plaintiffs have provided specific documentary evidence and details regarding the amounts requested.  The court further finds plaintiffs' requested damages are reasonable under the circumstances.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion for Default Judgment (Doc 14) is granted.

**IT IS FURTHER ORDERED** that Default Judgment be, and it hereby is, entered against defendant Grisham Grading & Excavating Company, Inc. and in favor of the plaintiffs in the amount of One Hundred and Thirteen Thousand and Ninety-seven and 31/100 Dollars ($113,097.31).

Dated this 22nd day of September 2009, at Kansas City, Kansas.

                                      s/ Carlos Murguia
                                      **CARLOS MURGUIA**
                                      **United States District Judge**